NUMBER 13-07-00753-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

LEONARD HENDERSON, APPELLANT,


v.



THE STATE OF TEXAS, APPELLEE. 

_____________________________________________________________


On Appeal from the 105th District Court 


of Nueces County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion Per Curiam


 Appellant, Leonard Henderson, attempted to perfect an appeal from a conviction for
aggravated robbery. We dismiss the appeal for want of jurisdiction.

 The trial court denied appellant's second motion for DNA testing on May 23, 2007. 
Notice of appeal was not filed until July 16, 2007. On January 24, 2008, the Clerk of this
Court notified appellant that it appeared that the appeal was not timely perfected. The
Clerk further advised appellant that the appeal would be dismissed if the defect was not
corrected within ten days from the date of receipt of the Court's directive. Appellant has
not responded to the Court's notice. 

 Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when
notice of appeal is filed within thirty days after the day the trial court enters an appealable
order. Tex. R. App. P. 26.2(a)(1). The time within which to file the notice may be enlarged
if, within fifteen days after the deadline for filing the notice, the party files the notice of
appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 26.3.

 Appellant's notice of appeal was due to have been filed on or before June 22, 2007. 
See Tex. R. App. P. 26.2(a)(2). Appellant did not file a motion for extension of time to file
his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3 and did not
file his notice of appeal until July 16, 2007 .

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the
merits of the appeal in a criminal case and can take no action other than to dismiss the
appeal for want of jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ
of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is beyond the jurisdiction of this Court. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988 S.W.2d 240
(Tex. Crim. App. 1999).

 Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION. 


 PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered 

and filed this the 13th day of March, 2008.